UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD BERRY,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>DON BARNES, *et al.*,<br><br>　　　　Defendants. | Case No. 8:22-cv-1459-FMO (GJS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSCUTE** |

## INTRODUCTION

On August 4, 2022, Leonard Berry ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Dkt. 1. ("Complaint")]. A preliminary screening of that Complaint revealed that it was largely unreadable. Accordingly, the Court ordered Plaintiff to submit a legible version of his Complaint so that the Court could complete its screening obligations as required by 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c)(1) by no later than September 18, 2022. [Dkt. 6.] The Court expressly cautioned Plaintiff that his failure to file a legible Complaint could result in the dismissal of the action. The Clerk served a copy of that Order on Plaintiff directly at the address which he provided to the Court. [Dkt. 6.]

Over a month has expired since Plaintiff's deadline to respond to the Court or otherwise prosecute this case. Indeed, as of the date of this Order, Plaintiff has not filed a legible copy of his complaint or otherwise prosecuted this case since August 4, 2022.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss an action for failure to prosecute and comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first and second factors favor dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to respond to the Court's order or seek an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor (the risk of prejudice to the defendant) also favors dismissal. Although the mere pendency of a lawsuit is not prejudicial in and of itself, a failure to provide a reasonable excuse for defaulting on a court order can indicate sufficient prejudice to warrant dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants . . . ."). Here, Plaintiff has provided no explanation – much less a reasonable one – for his failure to respond to the Order instructing him to file

a legible copy of his complaint. *See id.*; *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (citation and internal quotation marks omitted). Where, as here, the prisoner-plaintiff has failed to respond to a valid Court order, the fourth factor favors dismissal.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal where, as here, the Order instructing Plaintiff to file a legible copy of his complaint warned Plaintiff that his failure to comply with the Court's Order could result in dismissal of this action. Having been so cautioned yet having ignored the Order to file a legible complaint, it appears that Plaintiff has no interest in pursuing this case. Indeed, he implicitly has conceded that he has no interest in prosecuting it. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

///

///

///

///

**CONCLUSION**

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:  October 19, 2022

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE